IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GENEVA J. FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-146-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Geneva J. Flynn requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born February 19, 1970, and was forty-two years old at the time of the administrative hearing (Tr. 29, 113). She completed the eighth grade and has worked as a bakery worker (Tr. 21, 166). The claimant alleges that she began having changes in her ability to work on February 6, 2010, due to chronic obstructive pulmonary disorder (COPD) and high blood pressure (Tr. 166).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on July 9, 2010. Her applications were denied. ALJ Charles Headrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 29, 2012 (Tr. 11-17). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential evaluation. He found the claimant had the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) (Tr. 14). The ALJ thus concluded that the claimant could return to her past relevant work as a bakery worker, or

alternatively, she was not disabled because there was work she could perform, *i. e.*, small products assembler and fast food worker (Tr. 16).

## Review

The claimant contends that the ALJ erred: (i) by failing to fully develop the record regarding her back impairments, and (ii) by failing to base his RFC findings on substantial evidence. Because the Court finds that the ALJ *did fail* to properly assess the claimant's impairments, the decision of the Commissioner must be reversed and the case remanded for further proceedings.

At step two, the ALJ found that the claimant had the severe impairment of degenerative disc disease, but that her COPD and seizure disorder were nonsevere (Tr. 13-14). Medical records reveal that the claimant complained of lower back pain and left leg numbness of approximately a month in February 2010 (Tr. 206-207). She continued to report back pain and an x-ray in November 2010 revealed a diagnosis of scoliosis (Tr. 254). An April 13, 2011 MRI of the lumbar spine revealed degenerative changes most pronounced at L4-L5 and L5-S1, with no significant central canal stenosis; she also had broad-based disk bulge. On April 20, 2011, the claimant had a seizure while at the doctor's office, and was transferred to the hospital (Tr. 301). A pulmonary function analysis revealed that the claimant has minimal obstructive lung defect, but lung volumes and diffusion capacity were within normal limits (Tr. 247-248).

On October 13, 2010, a physician reviewed the claimant's record and determined that she did not have a severe physical impairment at all (Tr. 250). A second reviewing

physician on January 4, 2011 stated that "medical notes in the file indicate claimant is nonsevere if she would follow prescribed treatment" (Tr. 278).

The claimant argues that the ALJ should have ordered a consultative examination to develop the record. However, an ALJ has broad latitude in deciding whether to order consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997), *citing Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 778 (10th Cir. 1990). Once the claimant has presented evidence suggestive of a severe impairment, it "becomes the responsibility of the ALJ to order a consultative evaluation if such an examination is necessary or helpful to resolve the issue of impairment." *Id*. at 1167. A consultative examination also may be required if there is a direct conflict in the medical evidence, the medical evidence is inconclusive, or when additional tests are needed to explain a diagnosis already in the record. *Id*. at 1166. But an ALJ does not generally have a duty to order a consultative examination unless requested by counsel or the need is clearly established in the record. *Id.* at 1168. Here, counsel did not request any sort of consultative examination in writing or at the hearing. Nevertheless, such an examination would have been helpful in this case because the state reviewing physicians found the claimant's impairments to be nonsevere and there were no comprehensive reports in the record regarding the claimant's impairments. The ALJ's discretion is not boundless, and under the circumstances in this case, the ALJ should at least have explained why he was refusing to order a consultative examination where there is no evidence properly evaluating the determined impairments. But even if the ALJ was not required to order a

consultative examination, he failed to conduct a proper RFC assessment as explained below.

Although the ALJ found that the claimant's degenerative disc disease was a severe impairment at step two, he failed to include any limitations related to that impairment in the claimant's RFC at step four (Tr. 12-22). The ALJ did not give any explanation for this apparent inconsistency, *see, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."), opting instead to devote most of his step four discussion rejecting the claimant's credibility with boilerplate language and questioning his determination of severity at step two. The ALJ did recite the results of the MRI (Tr. 15), but he did not explain how that rendered her capable of performing light work including standing and/or walking up to six hours in an eight-hour workday with no postural limitations. Nor did the ALJ analyze any of the medical evidence in accordance with the controlling authorities. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in

determining what weight to give any medical opinion."), *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).

Because the ALJ failed to explain how the claimant's severe impairment of degenerative disc disease became so insignificant as to require no limitations in his RFC at step four, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 26th day of September, 2014.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**